UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL ELAMEEN ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>C.R. BARD, INC.,<br><br>    Defendant. | Case No. 16-cv-00942-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 13 |

This is a personal injury action brought by Plaintiff Bilal Robinson against C.R. Bard, Inc. ("Bard"), alleging claims for unfair and deceptive trade practices under Cal. Bus. & Prof. Code section 17200, negligence, design defect, intentional infliction of emotional distress, breach of implied warranty, failure to warn, and fraud. Before the Court is Bard's motion to dismiss the complaint. The motion will be granted with leave to amend.

**I.     BACKGROUND**

Robinson alleges that he was implanted with a defective medical product manufactured by Bard during a hernia repair surgery. ECF No. 1-1 ("Complaint") ¶¶ 14–16. Robinson claims that as a direct and proximate result of the allegedly defective medical product (hereinafter the "Bard mesh"), he sustained injuries and medical costs, including the cost of removing the Bard mesh via an additional surgical procedure. Complaint ¶¶ 13, 16. Robinson also claims that as a result of the allegedly defective Bard mesh, he is now "permanently disabled" and "at risk for loss of life or continued lifelong health problems." Complaint ¶ 1.

Although the Complaint does not detail the dates of Robinson's various doctor's appointment and surgeries, documents attached to the Complaint provide additional details that

may be considered by the Court as part of the Complaint.[1] See Fed. R. Civ. P. 10(c) ("[A] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). According to these additional documents, it appears that Robinson was implanted with the Bard mesh on February 27, 2009 as part of a surgical procedure to repair a left inguinal hernia. ECF No. 14-3 at 3; ECF No. 14-2, at 2. In the following months, Plaintiff developed left groin pain, for which he visited various physicians and surgeons. ECF No. 14-2, at 2–3. On October 7, 2010, Robinson's physician noted that Plaintiff's pain might be "a reaction to the mesh." ECF No. 14-3 at 8. On October 17, 2012, Robinson's physician noted that Robinson's "pain may be secondary to the Marlex mesh and associated shrinkage and nerve entrapment. . . . After unsuccessful non-operative management, he would like to attempt a surgical approach to his intractable pain." Id. at 10. Plaintiff underwent surgery on November 16, 2012 to have the Bard mesh removed. Id. at 10, 16. On December 14, 2012, Robinson's physician noted that "the patient complains of less pain in the genital region since he had a surgery for mesh removal . . . ." Id. at 9. On both February 15, 2013 and June 18, 2013, Robinson was diagnosed with a "[l]eft inguinal hernia with pain due to metal mesh." ECF No. 14-4 at 2; ECF No. 14-5 at 2.

On January 6, 2016, Robinson filed his Complaint in the Superior Court for Alameda County. ECF No. 1-1 at 8. On February 25, 2016, Bard removed the case to federal court on the basis of diversity jurisdiction. ECF No. 1. On March 3, 2016, Bard filed a motion to dismiss the Complaint, which motion the Court now considers.

## II. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and

---

[1] These documents include medical records of Bilal Robinson, as well as medical records of a patient named "Khalid Muhammad." "Upon information and belief," Bard claims that "Plaintiff Bilal Robinson is also known as Khalid Muhammad." ECF No. 14 ¶ 2. Because Robinson does not dispute this assertion in response to Bard's motion to dismiss, and the medical records were attached to Robinson's complaint, the Court will assume for the purposes of this order that Khalid Muhammad and Bilal Robinson are the same person.

the ground upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

### A. Statute of Limitations

Under California law, an action for injury to an individual "caused by the wrongful act or neglect of another" must be brought within two years of the date when the Plaintiff's cause of action first begins to accrue. Cal. Code Civ. Proc. § 335.1. Bard argues that each of Robinson's claims (except for his claim for unfair and deceptive trade practices under Cal. Bus. & Prof. Code section 17200) should be dismissed because the statute of limitations began to accrue over two years prior to Plaintiff's initiation of this action. ECF No. 13 at 14. In California, "[t]he general rule for defining the accrual of a cause of action sets the date as the time when the cause of action is complete with all of its elements." Norgart v. Upjohn Co., 21 Cal. 4th 383, 389 (1999). "An exception is the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action, until, that is, he at least suspects, or has reason to suspect, a factual basis for its elements." Id. "What matters is that the plaintiff had sufficient facts to put her on inquiry notice." Henderson v. Pfizer, Inc., 285 F. App'x 370, 373 (9th Cir. 2008).

Here, the documents attached to the Complaint establish that Robinson possessed knowledge of the facts necessary to put him on inquiry notice no later than February 15, 2013. On

3

October 17, 2012, Robinson's physician noted that Robinson's "pain may be secondary to the Marlex mesh and associated shrinkage and nerve entrapment. . . . After unsuccessful non-operative management, [Robinson] would like to attempt a surgical approach to his intractable pain." Id. at 10. As a result, on November 16, 2012, Robinson underwent surgery to have the Bard mesh removed. Id. at 10, 16. After the surgery, on both February 15, 2013 and June 18, 2013, Robinson was diagnosed with a "[l]eft inguinal hernia with pain *due to metal mesh*." ECF No. 14-4 at 2; ECF No. 14-5 at 2 (emphasis added). As a result, Robinson was in "possession of facts that establish both the nature of the harm and its probable cause" as of February 15, 2013 at the latest. Henderson, 285 F. App'x at 373 (internal quotation marks omitted). Because Plaintiff had reason to suspect a factual basis for his personal injury claims more than two years before he initiated suit, he is barred by Cal. Code Civ. Proc. § 335.1 from bringing his claims for personal injury.[2]

### B.     Section 17200 Claim

California's Unfair Competition Law (the "UCL") provides for only equitable relief. Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 452 (2005) ("The UCL limits the remedies available for UCL violations to restitution and injunctive relief ."). "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." Philips v. Ford Motor Co., No. 14-cv-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). Because the Court concludes that "the compensatory damages [Robinson] seek[s] provide an adequate remedy at law to redress [his] alleged injuries," Robinson's section 17200 claim must likewise be dismissed. Rhynes v. Stryker Corp., No. 10-cv-5619-SC, 2011 WL 2149095, at *4

---

[2] In his Opposition to Bard's motion to dismiss, Robinson argues that "[i]t was not until 2014 when BARD claim[ed] that the mesh was recalled and that they would compensate me that I had some knowledge that they were at fault." ECF No. 23 at 1. This argument fails for two reasons. First, the Complaint contains no such allegations. Second, "[a]ggrieved parties generally need not know the exact manner in which their injuries were effected, nor the identities of all parties who may have played a role therein." Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 932, 873 P.2d 613 (1994) (internal quotation marks omitted). Rather, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." Id. (internal quotation marks omitted).

(N.D. Cal. May 31, 2011).[3]

## CONCLUSION

Bard's motion to dismiss is granted with leave to amend as to each of Robinson's claims. An amended complaint, if any, shall be filed within 30 days of the filing date of this order.[4]

IT IS SO ORDERED.

Dated: June 17, 2016

							_____
							JON S. TIGAR
							United States District Judge

---

[3] Robinson offers no argument to the contrary. Moreover, the fact that Robinson's other claims have been barred by the statute of limitations does not affect the court's analysis. See Rhynes v. Stryker Corp., No. 10-cv-5619-SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original).

[4] The Court denies Bard's motion to strike Robinson's Sur-Reply, ECF No. 36, as moot.